23-1334-cv
*United States of America v. U.S. Oncology, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-four.

Present:

> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*,
> MARGARET M. GARNETT,
> > *District Judge.*[*]

---

OMNI HEALTHCARE INC.,

> *Plaintiff-Relator-Appellant*,

UNITED STATES OF AMERICA, ex rel. Omni Healthcare, STATE OF CALIFORNIA, ex rel. Omni Healthcare, STATE OF COLORADO, ex rel. Omni Healthcare, STATE OF CONNECTICUT, ex rel. Omni Healthcare, STATE OF DELAWARE, ex rel. Omni Healthcare, STATE OF DISTRICT OF COLUMBIA, ex rel. Omni Healthcare, STATE OF FLORIDA, ex rel. Omni Healthcare, STATE OF GEORGIA, ex rel. Omni Healthcare, STATE OF HAWAII, ex rel. Omni Healthcare, STATE OF ILLINOIS, ex rel. Omni Healthcare, STATE OF INDIANA, ex rel. Omni Healthcare, STATE OF IOWA, ex rel. Omni Healthcare, STATE OF LOUISIANA, ex rel. Omni Healthcare, STATE OF MARYLAND, ex rel. Omni Healthcare, STATE OF MASSACHUSETTS, ex rel. Omni Healthcare, STATE OF MICHIGAN, ex rel. Omni Healthcare, STATE OF MINNESOTA, ex rel. Omni Healthcare, STATE OF MONTANA, ex rel. Omni Healthcare, STATE OF NEVADA, ex rel. Omni Healthcare, STATE OF NEW HAMPSHIRE, ex rel. Omni Healthcare, STATE OF NEW JERSEY, ex rel. Omni Healthcare, STATE OF NEW MEXICO, ex rel. Omni

---

[*] Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

Healthcare, STATE OF NEW YORK, ex rel. Omni Healthcare, STATE OF NORTH CAROLINA, ex rel. Omni Healthcare, STATE OF OKLAHOMA, ex rel. Omni Healthcare, STATE OF RHODE ISLAND, ex rel. Omni Healthcare, STATE OF TENNESSEE, ex rel. Omni Healthcare, STATE OF TEXAS, ex rel. Omni Healthcare, STATE OF VERMONT, ex rel. Omni Healthcare, STATE OF VIRGINIA, ex rel. Omni Healthcare, STATE OF WASHINGTON, ex rel. Omni Healthcare, STATE OF WISCONSIN, ex rel. Omni Healthcare, THE CITY OF CHICAGO, ex rel. Omni Healthcare, THE CITY OF NEW YORK, ex rel. Omni Healthcare,

*Plaintiffs*,

v.                                                                          No. 23-1334-cv

U.S. ONCOLOGY, INC.,

*Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Relator-Appellant: | GEORGE F. CARPINELLO, Boies Schiller Flexner LLP, Albany, NY. |
| For Defendant-Appellee: | MARK W. MOSIER (Jason C. Raofield, Michael M. Maya, Mary H. Schnoor, Grace Pyo, *on the brief)*, Covington & Burling LLP, Washington, DC. |

Appeal from a September 11, 2023 judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Relator-Appellant Omni Healthcare Inc. ("Omni"), a Florida medical company specializing in oncology and hematology treatment, appeals from the district court's dismissal of its amended *qui tam* complaint filed on August 19, 2022, against Defendant-Appellee U.S.

Oncology Inc. ("U.S. Oncology"), a Delaware corporation providing specialty pharmacy services to physicians who treat cancer patients, claiming violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, violations of various state and municipal FCA analogs, and unjust enrichment. Specifically, Omni alleges U.S. Oncology harvested the "overfill" of injectable oncology drugs to fill and sell unapproved syringes to other medical providers, and profited from providers' administration of these overfill drugs to patients by submitting fraudulent reimbursement claims to the Center for Medicare and Medicaid Services, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b).[1]

Omni first brought FCA claims against U.S. Oncology in 2012 as part of a *qui tam* action filed against multiple defendants (the "*Omni I*" action). In February 2019, the district court dismissed the claims pertaining to U.S. Oncology without prejudice, finding that the claims were precluded by the FCA's "first-to-file bar," 31 U.S.C. § 3730(b)(5). Omni then initiated the current lawsuit against U.S. Oncology when it filed a new complaint in September 2019 ("*Omni II* Complaint"). In July 2022, the district court dismissed the *Omni II* Complaint, this time holding that the FCA's "public disclosure bar" applied, *see* 31 U.S.C. § 3730(e)(4), and that Omni's allegations did not satisfy the bar's "original source exception," *see* 31 U.S.C. § 3730(e)(4)(B). Upon the district court's grant of leave to amend, Omni subsequently filed the operative amended complaint (*"Omni II* Amended Complaint") in hopes of satisfying that exception. In September 2023, the district court found that Omni's amended allegations failed

---

[1] "Overfill" is the excess volume of a drug contained in a vial to guard against loss during extraction and ensure proper dosage. Under the applicable commercial good manufacturing practices and FDA regulations, this excess volume cannot be recycled, reused, or adulterated in any way.

to meet the original source exception's requirements and granted U.S. Oncology's renewed motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Omni appeals both the 2022 and 2023 dismissals.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo.*" *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). "Under these rules, the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## I. The Public Disclosure Bar

The district court dismissed the *Omni II* Complaint as precluded by the public disclosure bar, which prohibits *qui tam* actions that allege misconduct already disclosed to the public where no statutory exception applies. On appeal, Omni argues that the district court erred because the allegations against U.S. Oncology were not public when Omni began pursuing its claims in 2012. However, by the time *Omni II* was filed in September 2019, two federal actions had publicized U.S. Oncology's alleged role in harvesting overfill: *Omni I*, initially filed in 2012 with a second amended complaint publicly filed in April 2018, and *United States ex rel. Underwood v. Amgen,*

4

*Inc.* ("*Underwood*"), No. 10-CV-2441 (E.D.N.Y.), initially filed in 2010 and unsealed in 2016. Because Omni never contested that the public allegations from *Omni I* and *Underwood* are "substantially the same" as *Omni II*'s allegations, the district court held that both actions qualified as prior public disclosures. *United States ex rel. Omni Healthcare Inc. v. U.S. Oncology, Inc.*, No. 19-CV-5125 (NG) (LB), 2022 WL 17685383, at *7–8 (E.D.N.Y. July 21, 2022). We agree.

Since Omni's allegations relate to U.S. Oncology's conduct from 2003 to 2014, we are obliged to consider the FCA's public disclosure provisions before and after the 2010 amendment. Both the pre-2010 and post-2010 public disclosure bars apply to this action if substantially the same allegations in the *Omni II* Complaint and Amended Complaint were publicly disclosed by the time of filing.[2] *See* 31 U.S.C. § 3730(e)(4)(A); 31 U.S.C. § 3730(e)(4)(A) (2000). As relevant here, public disclosures include the publicly accessible dockets of federal civil cases. *See* 31 U.S.C. § 3730(e)(4)(A)(i); 31 U.S.C. § 3730(e)(4)(A) (2000).

Omni's primary contention is that applying the bar to the *Omni II* action would be unfair and inconsistent with the FCA's purposes. The public disclosure bar is intended to "stifl[e] parasitic lawsuits" that are predicated on already-known information. *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 295 (2010). Omni insists that is not the case here. In its view, Omni has pursued its claims in good faith since 2012, and

---

[2] The post-2010 bar applies to actions involving "substantially the same" allegations as those publicly disclosed, while the pre-2010 version applies to actions "based upon public disclosures." 31 U.S.C. § 3730(e)(4)(A); 31 U.S.C. § 3730(e)(4)(A) (2000). Because this Circuit has interpreted "based upon" to mean "the same [allegations] as those" publicly disclosed, the 2010 amendment did not alter the bar's applicability. *United States ex rel. Doe v. John Doe Corp.*, 960 F.2d 318, 324 (2d Cir. 1992); *see United States ex rel. Patriarca v. Siemens Healthcare Diagnostics, Inc.*, 295 F. Supp. 3d 186, 196 (E.D.N.Y. 2018).

5

its previous *Omni I* action was dismissed only because the first-to-file bar required it. *See United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 172 (2d Cir. 2018). Since Omni is not a "parasitic relator," but instead reviving its own earlier claims, it contends *Omni II* should be treated as the "continuation of [*Omni I*], re-filed under a new caption." Appellant's Br. at 21, 24. Following this logic, *Omni II* should be viewed as if initially filed in October 2012, when *Omni I* was amended under seal to include allegations against U.S. Oncology prior to any public disclosures.

This relation-back argument is both unpersuasive and contrary to the FCA's plain text. While it is true that *Omni I* was dismissed pursuant to the first-to-file bar, and so Omni had to file *Omni II* in order to continue pursuing its claims, Omni's contention that the public disclosure bar does not or should not apply in such instances seeks to carve out a new exception. The FCA does not treat two separate actions, filed under different captions, as a continuation. The pre-2010 and post-2010 text of the public disclosure bar both reference "an action or claim," which cannot proceed if substantially similar allegations have already been publicly disclosed. 31 U.S.C. § 3730(e)(4)(A) (2000); 31 U.S.C. § 3730(e)(4)(A). The referent "action or claim" is the present litigation before a court. Because a court cannot exercise jurisdiction over, nor dismiss, an action or claim not before it, the *Omni II* action filed in 2019 is the relevant "action or claim" for the purposes of this appeal, not *Omni I*. Since *Omni I* publicly disclosed allegations against U.S. Oncology when Omni filed a publicly accessible second amended complaint in April 2018, and it is uncontested that the later-filed *Omni II* Complaint and Amended Complaint include allegations substantially similar to *Omni I*, the public disclosure bar applies. Moreover, even if, as Omni insists, applying the public disclosure bar to actions dismissed under the first-to-file bar creates

6

perverse incentives or stymies the FCA's legislative purpose, this Court is not entitled to rewrite the FCA's text to decide the policy stakes for Congress. *Cf. Bartenwerfer v. Buckley*, 598 U.S. 69, 81 (2023) ("No statute pursues a single policy at all costs, and we are not free to rewrite this statute (or any other) as if it did.").

Omni also suggests that the *Underwood* complaint does not serve as a separate public disclosure because *Omni I* was filed prior to *Underwood*'s unsealing. This argument is meritless. The *Underwood* complaint was filed on May 28, 2010 (before the *Omni I* action) and unsealed on May 11, 2016, well before the *Omni II* Complaint was filed and, as Omni concedes, *Underwood* alleged substantially similar conduct as *Omni II*. As a result, *Underwood* also triggers the public disclosure bar.

## II.    Original Source Exception

Because the public disclosure bar applies, Omni must satisfy the original source exception to proceed. The district court dismissed the *Omni II* Amended Complaint because Omni failed to plead sufficient allegations to qualify as an original source. In particular, the district court found that Omni did not sufficiently allege direct and independent knowledge of U.S. Oncology's involvement in the overfill-harvesting fraud, a voluntary disclosure to the government, nor a material addition to prior public disclosures. We agree.

The pre- and post-amendment definitions of an "original source" are distinct. Pre-amendment, a relator must have "direct and independent knowledge of the information on which the allegations are based" and "voluntarily provided the information to the Government before filing an action" to qualify. 31 U.S.C. § 3730(e)(4)(B) (2000). Post-amendment, a relator can qualify as an original source if it either (1) "voluntarily disclosed" the information underlying its

7

claim to the government, prior to a public disclosure; or (2) has "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions" and has "voluntarily provided the information to the Government before filing an action."   31 U.S.C. § 3730(e)(4)(B)(i), (2).

For the pre-amendment definition, Omni argues that it has plausibly alleged direct and independent knowledge, because the *Omni II* Amended Complaint avers that its allegations "are based upon the personal knowledge Relator's principal [Dr. Deligdish]" gained through his work as an oncologist.   J. App'x at 285–86.   However, Omni claims that Dr. Deligdish found out about the overfilling scheme through "conversations" with oncologists affiliated with U.S. Oncology.   *Id.* at 306–07.   This Court has held that "if a third party is the source of the core information upon which the *qui tam* complaint is based," the relator does not satisfy the pre-amendment bar's direct and independent knowledge requirement.   *United States v. N.Y. Med. Coll.*, 252 F.3d 118, 121 (2d Cir. 2001) (per curiam) (internal quotations omitted).   Because Dr. Deligdish's knowledge is predicated on conversations with third parties, Omni has failed to plead direct knowledge of U.S. Oncology's fraudulent conduct.   Therefore, Omni is not an original source under the pre-amendment definition.

For the first prong of the post-amendment definition, Omni alleges it "voluntarily" disclosed information regarding U.S. Oncology's fraudulent activity, satisfying 31 U.S.C. § 3730(e)(4)(B)(i), by submitting a disclosure statement to the government, "as required by 31 U.S.C. § 3730(b)(2)," weeks prior to filing *Omni I* and before any public disclosures.   J. App'x at 284.   The district court concluded that Omni did not allege *voluntary* disclosure because Omni's pleading explicitly references the FCA's mandatory disclosure provision, which obligates

a relator to serve on the government a "[a] copy of the complaint and written disclosure of substantially all material evidence," 31 U.S.C. § 3730(b)(2). The district court rejected Omni's argument, repeated before us, that this mandatory disclosure may simultaneously be voluntary if a relator discloses information to the government prior to public disclosures. We agree with the district court that Omni's argument "reads the voluntary requirement out of [31 U.S.C. § 3730(e)(4)(A)(i)]," which requires both "voluntarily" disclosing information and doing so "prior to a public disclosure." *United States ex rel. Omni Healthcare Inc. v. U.S. Oncology, Inc.*, No. 19-CV-5125 (NG) (LB), 2023 WL 5831140, at *5 (E.D.N.Y. Sept. 8, 2023). The timing of disclosures, alone, is insufficient to conclude that a disclosure is voluntary; to hold otherwise would erase the provision's voluntariness requirement. *See United States. ex rel. Beauchamp v. Academi Training Ctr., Inc.*, 933 F. Supp. 2d 825, 846 (E.D. Va. 2013) ("Courts that have addressed whether these mandatory disclosures under § 3730(b)(2) also qualify as voluntary disclosures under § 3730(e)(4) have held that they do not, as these are mandatory disclosures rather than voluntary disclosures."), *vacated and remanded on other grounds sub nom.* 816 F.3d 37 (4th Cir. 2016). In addition, Omni's inclusion of the word "voluntarily" in its complaint to describe its disclosure is a legal conclusion that we do not accept as true without plausible substantiating factual assertions.[3] *See Iqbal*, 556 U.S. at 678–81. Consequently, Omni is not an original

---

[3] Omni attached the declaration of J. Marc Vezina, its former counsel, with its brief opposing U.S. Oncology's motion to dismiss the *Omni II* Amended Complaint, as evidence that Omni made a voluntary disclosure to the government months before filing *Omni I*. Appellant's Br. at 4 n.3, 35; *see also* J. App'x at 370-76. Assuming *arguendo* the declaration may be considered, the declaration does not help Omni show voluntariness. Mr. Vezina's declaration details a "prefiling disclosure statement" and meetings with the U.S. Attorney's Office in anticipation of filing a lawsuit. *See* J. App'x at 373-76. Such efforts are consistent with Omni's mandatory disclosure obligation under 31 U.S.C. § 3730(b)(2).

source under 31 U.S.C. § 3730(b)(4)(B)(i).

Finally, for the second prong of the post-amendment definition, Omni contends that its averments regarding Dr. Kolodziej, a physician at U.S. Oncology who can "attest to the company's scienter," materially add to publicly disclosed allegations, thus satisfying one requirement of 31 U.S.C. § 3730(e)(4)(B)(2). Appellant's Br. at 45. But here, *Omni I* already publicly disclosed that "[U.S. Oncology] knew that [its] conduct was illegal." J. App'x at 139. The identification of specific individuals "aware of, or complicit in," U.S. Oncology's overfilling fraud does not "materially add to the already robust universe of publicly-available information." *Ping Chen ex rel. United States v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 300 (S.D.N.Y. 2013) (emphasis omitted). Therefore, Omni does not satisfy 31 U.S.C. § 3730(e)(4)(B)(2).

### III. Statute of Limitations

Because we conclude that the public disclosure bar applies and Omni is not an original source under any definition, we do not reach whether Omni's action is nonetheless precluded by the FCA's statute of limitations, 31 U.S.C. § 3731(b).

*      *      *

We have considered Omni's remaining arguments and conclude they are without merit. Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court